UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN WALSH,

       Petitioner,

v.
                                         Case Number 11-cv-13551
                                         Honorable Thomas L. Ludington

WARDEN ROMANOWSKI,

       Respondent.

_____/

**OPINION AND ORDER**
**DENYING AS MOOT PETITIONER'S MOTION TO PROCEED *IN FORMA***
***PAUPERIS*, DISMISSING PETITIONER'S HABEAS CORPUS PETITION,**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT**
**GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Stephen Walsh, presently confined at Macomb Correctional Facility in New Haven, Michigan, has filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to first-degree home invasion in Jackson County Circuit Court and was sentenced to imprisonment for ten to forty years. He alleges that he was convicted of a crime which he did not commit and that the trial court erred by ordering him to pay court costs after the sentencing hearing. The state court's adjudication of Petitioner's claims was objectively reasonable and, therefore, the petition will be denied.

I

Petitioner was charged in Jackson County, Michigan with first-degree home invasion and conspiracy to commit second-degree home invasion. On March 20, 2009, Petitioner pleaded guilty to first-degree home invasion, Mich. Comp. Laws § 750.110a(2). The charge arose from allegations that Petitioner and his co-defendant entered an unfinished home and took five light fixtures. When

one of the homeowners emerged from the basement and confronted Petitioner and his co-defendant, they returned the fixtures and left the site.

In exchange for Petitioner's guilty plea, the prosecutor agreed to dismiss the charge of conspiracy to commit second-degree home invasion and to modify the habitual offender notice to reflect that Petitioner was a third felony offender, not a fourth felony offender. In addition, Petitioner was permitted to reserve the right to appeal the issue of whether the structure he entered was a "dwelling" within the meaning of the home-invasion statute.

On April 30, 2009, the trial court sentenced Petitioner as a habitual offender, third offense, to imprisonment for ten to forty years. In the written judgment of sentence, the court assessed a fine of $150.00 and court costs of $300.00. After Petitioner moved to correct the sentence, the trial court waived the fine, but denied Petitioner's request to vacate court costs of $300.00.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Walsh*, No. 297775 (Mich. Ct. App. May 28, 2010). On October 26, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Walsh*, 789 N.W.2d 453 (Mich. 2010) (table).[1]

Petitioner filed his habeas corpus petition on August 15, 2011. His grounds for relief he requests are as follows:

> I.      Petitioner is not guilty of home invasion as the above ground,
>         unfinished portion of the house does not constitute a dwelling for
>         purposes of the first-degree home invasion statute.
>
> II.     The lower court erred in ordering $300 in [costs] *after* the sentencing
>         hearing.

---

[1]  Justice Alton T. Davis recused because he participated as a member of the Court of Appeals panel.

II

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are not entitled to the writ of habeas corpus unless the state court's adjudication of their claims on the merits

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786. To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claims "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Id*. at 786-87.

## III

## A

Petitioner alleges that he is not guilty of home invasion because he entered the unfinished

portion of the house. He claims that the unfinished part of the house was not inhabited, nor an

integral part of the habited section of the structure, and, therefore, he did not enter a "dwelling" for

purposes of the home-invasion statute. He maintains that, at most, he is guilty of breaking and

entering a building.[2]

## 1

Petitioner describes his claim as a due process violation and argues that his conviction was

based on insufficient evidence. To the extent that Petitioner is alleging there was an insufficient

factual basis for his plea, his claim is not cognizable on habeas review. Petitioner is entitled to a

writ of habeas corpus only if he is "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2254(a). "The requirement that a sentencing court must satisfy

itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution,

but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111

(6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)).

Moreover, even if Petitioner was entitled to advance a sufficiency-of-the-evidence claim, his

---

[2] Although Petitioner pleaded guilty to home invasion, he conditioned his plea on the right to appeal the issue of whether the structure he entered was a dwelling. Petitioner's claim was therefore not waived by his guilty plea. *Cf. United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009) (stating that, "[b]ecause Studabaker did *not* reserve the right to appeal the sufficiency of the evidence, he has waived his argument that the government did not provide a sufficient factual basis to support his plea.") (emphasis added).

claim would fail. *Jackson v. Virginia*, 443 U.S. 307 (1979). The Supreme Court held in *Jackson*

> that a conviction with insufficient evidence violates the defendant's federal due process rights. 443 U.S. at 316, 99 S. Ct. 2781. To determine whether sufficient evidence supports a particular conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319, 99 S. Ct. 2781.

*White v. Steele*, 602 F.3d 707, 709 (6th Cir. 2009), *cert. denied* --- U.S. ---, 131 S. Ct. 130 (2010).

"[A]fter AEDPA, federal courts reviewing state habeas claims accord a double layer of deference" to sufficiency-of-the-evidence claims. *Id.* at 710. First, the court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson*, 443 U.S. at 319), *cert. denied*, __ U.S.__, 130 S. Ct. 1081 (2010). Second, if the court were to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, the court must still defer to the state court's sufficiency determination, so long as it was not unreasonable. *Id*. (citing 28 U.S.C. § 2254(d)(2)).

The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. The Michigan statute on first-degree home invasion reads:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

Mich. Comp. Laws § 750.110a(2).

The only element in dispute here is whether Petitioner entered a "dwelling." The statute

defines a "dwelling" as "a structure or shelter that is used permanently or temporarily as a place of

abode, including an appurtenant structure attached to that structure or shelter." Mich. Comp. Laws

§ 750.110a(1)(a).

2

The petition and attachments reflect that Petitioner entered the unfinished part of a house

located at 2230 Kalmbach Road in Grass Lake Township. The unfinished part of the house was

above ground and uninhabited. The homeowners were living in the attached basement of the house.

However, because there was no door leading directly from the basement of the house to the

unfinished upper portion of the house, Petitioner maintains that he did not enter a dwelling. The trial

court disagreed and ruled that the structure satisfied the statutory definition of a dwelling.

In *People v. Powell*, 750 N.W.2d 607 (Mich. Ct. App. 2008), the Michigan Court of Appeals

considered whether a house that had been damaged by fire and condemned and was not habitable

at the time of the offense constituted a "dwelling" for purposes of home invasion in the second

degree.[3] The Court of Appeals stated that

> the intent of the inhabitant to use a structure as a place of abode is the primary factor
> in determining whether it constitutes a dwelling for purposes of MCL 750.110a(3)
> [the second-degree home-invasion statute]. The owner's temporary absence, the
> duration of any absence, or a structure's habitability will not automatically preclude
> a structure from being considered a dwelling for purposes of the home-invasion

---

[3] The difference between first- and second-degree home invasion is that first-degree
home invasion requires an additional element: that "[t]he person is armed with a dangerous
weapon" or that "[a]nother person is lawfully present in the dwelling."

statute.

*Id*. at 609.

The homeowner in *Powell* "testified that the house was his residence, that some of his possessions were still in the house after the fire, and that he always intended to move back into the house after the fire damage was repaired." *Id*. The Court of Appeals concluded that "this evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that the defendant entered a dwelling within the meaning of the home-invasion statute."

In a recent unpublished opinion, the Michigan Court of Appeals considered the case of a defendant who was accused of first-degree home invasion at a residential house where the three complainants were working to make it "move-in" ready. Although no one was living in the structure at the time of the offense, the Court of Appeals concluded that the structure was used as a place of abode and was a "dwelling" for purposes of the first-degree home-invasion statute. *See People v. Garrett*, No. 293248, 2011 WL 15335, at *4 (Mich. Ct. App. Jan. 4, 2011) (unpublished), *appeal denied*, 797 N.W.2d 640 (Mich. 2011).

The structure in question in the instant case was a single house owned by two people who were living in the basement of the house while they constructed or renovated the above-ground portion of the residence. Although they had to exit the basement and enter a separate exterior door to get to the part of the house above-ground, the two portions of the house were connected. The fact that the homeowners were constructing or renovating the upper story while living in the basement is an indication that they intended to live in the upper level. The vacant upper level did not preclude the structure from being a "dwelling" for purposes of the home-invasion statute because the obvious intent was to use the upper level as a place of abode.

A rational trier of fact could have determined that the upper portion of the house in question

here was a dwelling or at least an appurtenant structure to the lower, occupied portion of the house.

Thus, a rational trier of fact could have concluded that the essential elements of the crime were

established beyond a reasonable doubt.  Even if the Court were to conclude that a rational trier of

fact could not have found Petitioner guilty of first-degree home invasion beyond a reasonable doubt,

the trial court's adjudication of the issue was reasonable. In light of the "double layer of deference"

to be applied on habeas corpus review of a sufficiency-of-the-evidence claim, the trial court's

decision on Petitioner's claim, and the state appellate courts' rejection of the claim, were not

contrary to, or unreasonable applications of, *Strickland*.  Petitioner therefore is not entitled to the

writ of habeas corpus on the basis of his claim that he is not guilty of home invasion.

B.

In his second and final claim, Petitioner argues that the trial court erred in ordering $300.00

in court costs after the sentencing hearing.  The trial court apparently did not mention court costs

in its oral pronouncement of the sentence, but it did include an assessment of court costs in its

written judgment of sentence.  Later, when ruling on Petitioner's motion to correct the judgment of

sentence, the trial court denied Petitioner's request to vacate the court costs.

As noted above, Petitioner is entitled to the writ of habeas corpus only if he is "in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The

imposition of a monetary fine is not a sufficient restraint on liberty to meet the "in custody"

requirement.  *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (interpreting the "in

custody" requirement of 28 U.S.C. § 2255).  Consequently, Petitioner's allegation does not state a

cognizable claim on habeas corpus review.  *Contreras v. Quarterman*, No. C.A. C-06-3 , 2007 WL

1189832, at \*4-5 (S.D. Tex. Apr. 23, 2007) (unpublished). To the extent that Petitioner is alleging that the trial court violated state procedures, his claim lacks merit because "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *accord Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

IV

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to clearly established federal law, unreasonable applications of clearly established federal law, or unreasonable determinations of the facts.

Accordingly, it is **ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases (providing that "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

It is further **ORDERED** that Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT** because Petitioner paid the filing fee for this action.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Reasonable jurists would not debate the Court's resolution of

Petitioner's claims. Accordingly, it is further **ORDERED** that a certificate of appealability is **DENIED**.

Nevertheless, because Petitioner's claims are not frivolous and because an appeal could be taken in good faith, it is further **ORDERED** that Petitioner may proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Stephen Walsh, #483457, at Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 by first class U.S. mail on October 27, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS